IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 15-170 |
| | ) Judge Nora Barry Fischer |
| DORIAN COTTRELL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I.   INTRODUCTION

Presently before the Court is a counseled motion to reduce sentence under 18 U.S.C. § 3582(c) filed by Defendant Dorian Cottrell, (Docket No. 63), the Government's opposition thereto, (Docket No. 66), and Defendant's Reply, (Docket No. 70).  Defendant seeks to reduce the 190-month sentence imposed by this Court to 183 months based on the retroactive changes to the assessment of status points set forth in Amendment 821 to the U.S. Sentencing Guidelines, the application of which would reduce the advisory guidelines range in his case. (Docket Nos. 49; 63).  While the Government concedes that Defendant is eligible for a reduction, it maintains that the Court should deny the requested relief after considering the relevant § 3553(a) factors. (Docket No. 66).  After careful consideration of the parties' submissions, and for the following reasons, Defendant's Motion [63] is denied as the Court declines to exercise its discretion to reduce Defendant's sentence because the 190-month term of imprisonment remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case.

II.   BACKGROUND

On August 5, 2015, a federal grand jury returned an Indictment charging Defendant with six offenses arising out of his conduct from September 8, 2014 to January 8, 2015, most notably his September 8, 2015 shooting in a drug deal gone awry. (Docket No. 1).  Specifically, Defendant

1

was charged with each of the following: at Count One, Use and Discharge of a Firearm During and In Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i),(ii), and (iii); at Counts Two, Four, and Six, Distribution of and Possession With Intent to Distribute Heroin, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(C); and at Counts Three and Five, Felon in Possession of a Firearm or Ammunition, in violation of 18 U.S.C. § 922(g)(1). (Docket No. 1).

On September 8, 2014, Defendant sold heroin packaged in stamp bags to a buyer, who did not fully pay Defendant and instead fled into a waiting car. (Docket No. 34, ¶ 7). Defendant followed the fleeing buyer and fired a handgun into the waiting car, striking the driver's side headrest and the driver in the back. (*Id.*). The driver was wounded, but fortunately, not killed. (*Id.*). Approximately three months later, on December 20, 2014, police stopped Defendant, who possessed 220 stamp bags of heroin, $21,470, a 9mm Ruger pistol with an obliterated serial number, and thirteen rounds of ammunition. (*Id.* at ¶ 8). As a result of Defendant's previous state felony convictions, he was prohibited from possessing a firearm. (*Id.*). On January 8, 2015, police searched Defendant's home and recovered 226 stamp bags of heroin, eight firearms, ammunition, and $6,160.[1] (*Id.* at ¶ 9). Thus, even while Defendant was on probation and under investigation for firearm and drug offenses, he continued to traffic heroin. (*Id.*).

On November 6, 2015, Defendant pled guilty to Counts One, Four, and Five of the Indictment, pursuant to a plea agreement with the Government. (Docket No. 27). Defendant also acknowledged his responsibility for the conduct charged in Counts Two, Three, and Six of the Indictment. (Docket No. 34 at ¶ 5). In exchange for pleading guilty, the Government agreed to

---

[1] Those firearms included a .45 caliber semiautomatic Glock pistol; a .357 caliber semiautomatic Glock pistol; a 5.56 caliber PWA semiautomatic rifle; a 9mm Kel-Tec rifle; a 12-gague Franchi shotgun; a 7.62 caliber semiautomatic Norinco rifle; a .22 caliber HJS semiautomatic pistol; a .22 caliber semiautomatic Rohm GMBH Sontheim/Brenz pistol. (Docket No. 34, ¶ 3).

dismiss Counts Two, Three, and Six after the imposition of sentence as to Counts One, Four, and Five and to recommend a three-level reduction in the Defendant's offense level for acceptance of responsibility and timely notifying the Government of his intention to plead guilty. (*Id*.). The Government also agreed to refrain from recommending that the base offense level be adjusted under § 2K2.1(a)(3) of the Sentencing Guidelines and not to seek an increased punishment by filing an information citing Defendant's prior conviction pursuant to 21 U.S.C. § 851. (*Id*.).

The U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated January 26, 2016. (Docket No. 34). Probation calculated Defendant's base offense level to be 20, which was subsequently increased to 28 since the Defendant possessed between eight and twenty-four firearms, including one with an obliterated serial number. (*Id*. at ¶¶ 21–31). After a three-level reduction for acceptance of responsibility and timely notifying the Government of his intention to plead guilty, Probation calculated Defendant's total offense level to be 25. (*Id*.). Probation also determined that Defendant's subtotal criminal history score was two due to his prior convictions for driving under the influence of a controlled substance, possession of a firearm with an altered manufacturer number, possession with intent to distribute a controlled substance, and possession of firearms not to be carried without a license. (*Id*. at ¶¶ 36–37). For the firearm and possession with intent to distribute offenses, the Allegheny County Court of Common Pleas sentenced Defendant to seven years' probation. (*Id*. at ¶¶ 37–38). Accordingly, he was assessed two status points under Guideline § 4A1.1(d) because he committed the instant offenses while serving that term of probation. (*Id*. at ¶¶ 37–38). Given same, his criminal history score of four resulted in a criminal history category of III. (*Id*. at ¶¶ 38–39).

Likewise, in its February 22, 2016 Tentative Findings and Rulings, the Court agreed that Defendant's advisory guidelines range at Counts Four and Five was 70 to 87 months based on a

3

total offense level of 25 and criminal history category of III. (Docket No. 43, at 7–8). The Court also concluded that Defendant was subject to a mandatory, consecutive penalty of 120 months at Count One, making the total advisory guidelines range 190 to 207 months' incarceration. (*Id*. at 8–9).

At the sentencing hearing, the Court denied Defendant's motion for a variance from the advisory guidelines range after carefully considering all of the § 3553(a) factors. (Docket No. 48). The Court noted that the sentence was sufficient, but not greater than necessary to meet all the goals of sentencing. (*Id*.). The Court's judgment reflected that Defendant was sentenced to a total term of 190 months' incarceration, consisting of concurrent terms of 70 months at each of Counts Four and Five and a mandatory, consecutive penalty of 120 months at Count One, followed by 5 years' supervised release. (Docket No. 49). The Court also ordered Defendant to pay a $300 special assessment and forfeit any interest in the firearms and currency involved in the offenses. (*Id*.). A fine was waived given Defendant's inability to pay one. (*Id*.). Pursuant to the plea agreement in this case, the Government then dismissed Counts Two, Three, and Six of the Indictment. (*Id*.).

Defendant has been in federal custody since August 14, 2015. (Docket No. 9). According to the Bureau of Prisons website, Defendant's anticipated release date is January 6, 2029. (Docket No. 63, ¶ 4). He has not presented the Court with any information concerning the efforts, if any, that he has made toward post-offense rehabilitation since he has been incarcerated. (*See* Docket Nos. 63; 70).

III.    LEGAL STANDARD

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d

Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is 18 U.S.C. § 3582(c), which provides "an 'exception to the general rule of finality' over sentencing judgments." *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017) (quoting *Dillon*, 560 U.S. at 824).

> Section 3582(c)(2) applies to amendments to the Sentencing Guidelines. It provides that a district court may reduce a sentence if two conditions are met: (1) the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Rodriguez*, 855 F.3d at 529 (quoting 18 U.S.C. § 3582(c)(2)) (further citation omitted). If it is determined that a defendant is eligible for relief under Guideline § 1B1.10, "§ 3852(c)(2) [next] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies […] is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "In addition, a district court 'shall consider the nature and seriousness of the danger to any person or the community' and 'may consider post-sentencing conduct of the defendant.'" *Rodriguez*, 855 F.3d at 529 (quoting U.S.S.G. § 1B1.10, cmt. n.1(B)(ii-iii)) (further citation omitted). A defendant does not have a right to an evidentiary hearing in section 3582(c) proceedings as such proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present" when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)").

IV.  DISCUSSION

At the outset, the first step of the Court's analysis is uncontested as the parties do not

dispute that Defendant is eligible for a sentence reduction under Amendment 821. (Docket Nos. 63; 66; 70). The Court agrees that Defendant is eligible for a reduction of his sentence at Counts Four and Five because Amendment 821 eliminated the assessment of status points for offenders like Defendant who had only two criminal history points at the time of sentencing. *See* U.S.S.G. § 4A1.1(e) (eff. Nov. 1, 2023) ("Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."). However, Amendment 821 did not reduce the advisory guidelines range for his conviction for using, carrying, and discharging a firearm in relation to a drug trafficking crime at Count One and he remains subject to a mandatory, consecutive penalty of 120 months' incarceration for that offense. *See* U.S.S.G. § 1B1.10(a)(2)(B), cmt. n.1(A).

In this Court's estimation, if Amendment 821 was in effect at the time of Defendant's sentencing, he would have had two criminal history points, placing him in criminal history category II and his offense level would remain unchanged. Based on a total offense level of 25 and a criminal history category of II, Defendant's advisory guidelines range at Counts Four and Five would be reduced to 63-78 months' incarceration and the total advisory guidelines range including the mandatory, consecutive penalty at Count One, would be reduced to 183-198 months' incarceration. *See* U.S.S.G. § 5G1.2(a). The relevant guideline, § 1B1.10(b)(2)(A), contains a limitation that Defendant's sentence may not be reduced "to a term that is less than the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), such that Defendant's sentence cannot be reduced below 63 months at Counts Four and Five and a total of 183 months.

With that background, the Court turns to the second step of its analysis. *See Dillon*, 560 U.S. at 827. Naturally, the parties dispute whether the Court should exercise its discretion to

reduce his sentence after consideration of the § 3553(a) factors with the defense advocating a reduction is warranted and the Government countering that any reduction would be inappropriate. (Docket Nos. 63; 66; 70).

Having carefully considered the parties' positions in light of the totality of the circumstances and all of the relevant § 3553(a) factors, the Court believes that the recent amendments under the U.S. Sentencing Guidelines which retroactively eliminated the assessment of two status points in Defendant's case do not outweigh the § 3553(a) factors supporting the 190-month sentence, particularly given the continued threat that Defendant poses to public safety and the egregiousness of the charged conduct. *See Rodriguez*, 855 F.3d at 532; U.S.S.G. § 1B1.10, cmt. n. 1(B)(ii-iii).

The recent amendments to the guidelines likewise do not undermine the numerous aggravating factors which the Court considered, including:

- the indifference to human life displayed by firing a handgun into a vehicle;

- the number of firearms that Defendant possessed although he was prohibited from possessing any of them due to a prior felony conviction;

- the quantity of drugs and cash found in Defendant's possession, reflecting the seriousness and scope of his drug trafficking operation; and

- he committed the initial firearm offense less than two weeks after he received a substantial term of probation for other firearm and drug offenses, suggesting that he never intended to comply with his state probation or depart from his criminal conduct.

(Docket No. 34, ¶¶ 7–9, 32–38). Such aggravating facts continue to support the imposition of a 190-month sentence and counsel against his request for a sentence reduction. (*Id*.).

At the time of Defendant's sentencing, the distribution of heroin was – and continues to be

7

– a significant problem in this area which has many detrimental effects on the community, including on government and social services and heroin users, who quickly become addicted to this very dangerous drug. *See e.g., United States v. Strothers*, Cr. No. 21-385-21, 2024 WL 493281, at *5 (W.D. Pa. Feb. 8, 2024).

It appears to the Court that Defendant continues to pose a threat to public safety because he: completely disregarded the initial probationary sentence imposed by a Pennsylvania state court, continued to commit drug and firearm offenses despite being under investigation and on probation for similar offenses; and escalated in violence the nature of his offenses. *See e.g., United States v. Strothers*, Cr. No. 21-385-21, 2024 WL 493281, at *5 (W.D. Pa. Feb. 8, 2024) (denying motion for sentence reduction, in part, because "consideration of public safety also counsels against a sentence reduction here."). Defendant's charged conduct exposed him to a mandatory minimum for discharging a firearm during a drug trafficking crime, which in Congress's judgment is serious enough to require a ten-year mandatory minimum. *See United States v. Cruse*, No. 13-157, 2018 WL 5281679, at *4 (W.D. Pa. Oct. 24, 2024) (Congress considers the seriousness of the offense when requiring mandatory minimum sentences). Discharging a firearm in the furtherance of distributing controlled substances while under judicial supervision for weapon and drug offenses also conveys a blatant disregard for the law and judicial authority. *See, e.g.*, *United States v. Boyd*, Cr. No. 17-37, 2021 WL 5094903, at *3 (E.D. Tenn. Nov. 2, 2021) (consideration as a § 3553(a) factor that violating conditions of judicial supervision "calls into account [a defendant's] respect for the law). Altogether, discharging a firearm in public to further one's drug trafficking is extremely dangerous and represents a significant threat to the community. Additionally, Defendant did not present any evidence or information to this Court about his post-sentencing conduct, which could demonstrate that he is less likely to be a threat to public safety or understands

the seriousness of his past criminal conduct. (Docket Nos. 63; 70).

The Court further recognizes that Defendant also received several benefits from his plea agreement. First, the Government opted not to file a § 851 information which would have raised the potential statutory penalties and served as an increased basis for punishment. (Docket No. 34, ¶ 5). Second, the Government did not recommend increasing Defendant's base offense level from 20 to 22, pursuant to § 2K2.1(a)(3) of the Sentencing Guidelines. (*Id*.). If the government had recommended a two-level increase pursuant to § 2K2.1(a)(3) of the Sentencing Guidelines, then Defendant's total offense level would have been 27, thus increasing his guideline range for Counts Four and Five from 70-87 months to 87-108 months imprisonment. Thus, by pleading guilty Defendant was spared a substantial increase in his maximum punishment and guidelines range, which may have more accurately reflected the seriousness of Defendant's conduct.

Defendant places too much weight on his guidelines calculation, which is only one of the § 3553(a) factors that this Court must consider. Adjusting Defendant's sentence to the "low-end" of his re-calculated guidelines range because it was on the "low-end" of his previous guidelines range ignores the other §3553(a) factors, such as the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law. (Docket No. 63). Moreover, Defendant's 190-month sentence remains approximately within the middle of his re-calculated guidelines range.

After once again considering all of the § 3553(a) factors in light of the present motions practice, the Court finds that the 190-month term of imprisonment remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case and denies Defendant's request for a discretionary sentence reduction under Amendment 821. *See Dillon*, 560 U.S. at 827. Overall, the Court believes that the seriousness of Defendant's conduct and the need to protect the

public strongly outweigh a reduction in Defendant's sentence.

V.      CONCLUSION

Based on the foregoing, Defendant's Motion [63] is denied, as the Court declines to exercise its discretion to reduce his sentence. An appropriate Order follows.

<u>*s/Nora Barry Fischer*</u>
Nora Barry Fischer
Senior U.S. District Judge

Dated: September 30, 2024

cc/ecf: All counsel of record